UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN MASON,

                      Plaintiff,                **REPORT AND**
                                                      **RECOMMENDATION**
      -against-                               CV 19-1360 (JMA)(AYS)

UNITED STATES OF AMERICA,

                      Defendant.
------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      Plaintiff, John Mason ("Plaintiff" or "Mason"), commenced this action against the United States of America ("Defendant" or the "Government"), pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b) and 2671-2680 (the "FTCA"). Plaintiff's claims are for personal injury and property damage arising out of an automobile collision that occurred on May 17, 2018 (the "Accident"). The Accident took place between Plaintiff's vehicle and a vehicle owned by the United States Transportation Security Administration (the "TSA").

      Presently before the Court, upon referral from the Honorable Joan M. Azrack, is Defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, it is respectfully recommended that the motion be denied.

BACKGROUND

I.      <u>Factual Background: Basis of Facts Recited Herein</u>

      The facts set forth below are drawn from the parties' statements of material facts, submitted pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Those statements appear on the docket herein as Defendant's Rule 56.1 Statement in Support of Motion for Summary Judgment, (Docket Entry ("DE") [25-1] ("Defendant's Rule 56.1 Statement"), Plaintiff's Rule 56.1 Statement in Response

to Defendant's Rule 56.1 Statement and Counter-Statement of Material Facts, (DE [26-1] ("Plaintiff's Rule 56.1 Statement"), and Defendant's Response to Plaintiff's Counter-Statement of Material Facts, (DE [27-1] ("Defendant's Responding Rule 56.1 Statement") (collectively the "Rule 56.1 Statements").

Also before the Court are documents submitted by the parties. These documents include transcripts of depositions, medical records, a police report, insurance records, repair records and statements of medical opinions. Annexed to the Government's moving papers are the following: (1) the police accident report prepared following the Accident (Ex. A to DE [25-3]); (2) Plaintiff's medical records generated after the Accident, and those from prior injuries (Exs. D, F and E to DE [25-3]; Exs. I, K, L, M, N, O, P, Q, R, S, T and U to DE [25-4]); (3) excerpts from the deposition of Plaintiff (Ex. C to DE [25-4]) and that of Leonard Nardiello ("Nardiello"), the driver of the TSA vehicle (Exh. B to DE 25-3); (4) a repair record for Plaintiff's vehicle (Ex. E to DE [25-3]); (5) records of payments from Plaintiff's automobile insurance company (Ex. G and J to DE [25-4]); and (6) Plaintiff's proof of claim for disability payments following the Accident (Ex. H to DE [25-4]). Also before the Court are medical opinions set forth in the reports of Plaintiff's expert, Dr. Snyder (Ex. S to DE [25-4]), and the Government's expert, Dr. Patterson. (Ex. U to DE [25-4]).

Plaintiff's opposition to the Government's motion annexes a transcript of his deposition, and his affidavit. (DE [26].) Plaintiff also submits the affirmation of Dr. Snyder, who is a Doctor of Chiropractic Care, (DE [26-5]), and that of an expert radiologist, Dr. John Rigney, (DE [26-6]). Dr. Rigney is not offered as an expert; his opinion is based upon his review of an MRI that he read and interpreted on June 24, 2018 – shortly after the Accident. (DE [26-6].) His affirmation supports the findings of Dr. Snyder with respect to the issues of disc herniation at

2

L2-L3 impinging a nerve root at L3, and the existence of a slight posterior bulge at L4-L-5. (DE [26-6]; [26-5].) Finally, Plaintiff's opposition to the motion includes his claim form to the Government completed after the Accident. This form states that Plaintiff's vehicle was rear-ended by the Government vehicle, and that Plaintiff sustained injury to his back, legs, left shoulder and neck. (DE [26-7]).

Also before the Court is the Government's reply documents. These are submitted to respond to Plaintiff's claims that the Government's documents should not be considered in the context of the present motion because they are hearsay and/or uncertified medical records. The Government's reply documents support its positions that the documents at issue were also relied upon by Plaintiff, and/or were obtained pursuant to the administrative claims process and/or were produced to the Government pursuant to subpoenas and have been certified as true and accurate. (DE [27-2], Exs. V-AA.)

II.     Facts

    A.     The Accident

A review of the Rule 56.1 Statements reveals sharp areas of disagreement between the parties as to the facts surrounding the Accident, the necessity of medical treatment, the cause and extent of Plaintiff's injuries and the lasting nature, if any, of those injuries. As to the facts of the Accident, the parties agree on the date of the Accident, that the Government vehicle hit the back of the Plaintiff's vehicle, and that both parties exited their vehicles of their own accord. There is also no issue as to whether Plaintiff was taken away from the Accident via ambulance. Other than these basic facts, there is sharp disagreement. For example, the parties dispute the weather, the traffic conditions, whether Plaintiff's vehicle was stopped at a red light,

whether Plaintiff's brake lights were working, and how fast the Government vehicle was traveling prior to impact.

      B.      <u>Repairs and Lost Wages</u>

Unlike disagreement as to the basic facts supporting the Accident, there is agreement as to the cost of repair for Plaintiff's vehicle and its continuing drivability. There is also agreement as to the amount of Plaintiff's lost wages. Thus, the parties agree that Plaintiff paid $800.00 to fix his car. (Ex. E to DE [25-3].) They also agree that, as of 2020, Plaintiff was still driving that same car. As to wages, there is agreement that Plaintiff received insurance benefits in the form of lost wages in the amount of $2,475.95. (Ex. G to DE [25-4].)

      C.      <u>Medical Issues</u>

As to medical issues, the parties agree that Plaintiff complained of back pain and was taken to the hospital in an ambulance following the Accident. He was treated in the Emergency Room and released. Plaintiff continued to seek treatment for sharp pains up and down his legs and in his back following the Accident. Plaintiff took Tylenol and Motrin for his pain but declined to take codeine for fear that it would show up in a drug test administered by his then-employer. Although Plaintiff returned to work approximately one month following the Accident, he continued to seek medical care. Medical documents show that Plaintiff suffers from type 2 diabetes, hypertension and obesity. Records before the Court also show that Plaintiff was injured in a car accident that took place in 2012. While Plaintiff states that he was in pain prior to the Accident, he denies that he was in pain at the time thereof, and asserts that his pain has increased as a result of the Accident. With respect to continuing injuries, Plaintiff testified that before the Accident he enjoyed weight-lifting, playing sports and jogging; but that he had not participated actively in these activities either before or following the Accident. He has had

4

difficulties standing and sitting for long periods of time both before and after the Accident. While Plaintiff states that many of his physical conditions are similar before and following the Accident, he states that he is now in more pain. (DE [26-3].)

Imaging records, as discussed by Drs. Snyder and Rigney, show specific disc herniation and nerve impingement, and a slight bulge. Previous imaging records indicate a history of spinal issues, but those issues are explained by Plaintiff's expert as different from those evident after the Accident. Dr. Snyder's July 23, 2021 affirmation includes specific findings regarding Plaintiff's ranges of motion with respect to flexion and extension. The results of these tests show significant departures from normal ranges of motion. (DE [26-5] at 8, 9-10.) Dr. Snyder concludes that Plaintiff's prognosis is "guarded" and that he has sustained musculoskeletal dysfunction. Dr. Snyder states further that Plaintiff "exhibits factors of disability that will affect his home and work life" and that he "has sustained significant and permanent injuries to the described areas as a result of" the Accident. (DE [25-4], Ex. S.)

The Government's expert, Dr. Patterson, a Medical Doctor employed in the Department of Orthopedic Surgery at the Stony Brook School of Medicine, disagrees. While Dr. Patterson agrees that imaging shows disc herniation, she states that such herniation is not consistent with the symptomatic pain reported. (DE [25-4] at 5.) Her testimony is similar with respect to the lumbar bulge evident on imaging studies. Thus, Dr. Patterson states that the bulge reported in diagnostic imaging is not consistent with pain. While she claims no expertise in accident reconstruction, Dr. Patterson states that the "low energy impact" that occurred is "not likely to have caused herniated lumbar discs." Id. She states that it is her expert medical opinion (based upon her review of medical records, the records of this litigation and an examination of Plaintiff conducted on March 10, 2021) that Plaintiff's pain "was not directly caused by the motor vehicle

5

accident on 5/17/18 but was pre-existing from prior injuries and degenerative processes." (DE [25-4] at 5-6.)

III.    The Motion for Summary Judgment

Defendant moves for summary judgment. The motion argues that Plaintiff has sustained neither the economic loss nor injuries necessary to recover outside of the bounds set by the New York State No-Fault Insurance Law. Plaintiff disagrees. Having summarized the facts and the parties' positions as to the motion, the Court turns to the merits thereof.

DISCUSSION

I.    Legal Principles

A.    Standards on Summary Judgment

Summary judgment is appropriately granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009). A fact is "material" if it might affect the outcome of the litigation under the relevant law. Id. The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. See Celotex, 477 U.S. at 322. Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002) (quoting Celotex, 477 U.S. at 322).

6

In deciding a motion for summary judgment, the Court must "resolve all ambiguities and draw all reasonable inferences against the moving party." Tolbert v. Smith, 730 F.3d 427, 434 (2d Cir. 2015); (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise, see Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995), and must do more than show that there is "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Instead, the non-moving party must "set forth significant, probative evidence on which a reasonable fact-finder could decide" in her favor. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256-57 (1986).

B.   The FTCA

As noted, Plaintiff brings his claims under the FTCA. In such actions, a plaintiff may recover for "injury or loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant, in accordance with the laws of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). Because the Accident occurred in New York, it is New York law that applies. See Goldstein v. United States, 9 F. Supp. 2d 175, 186 (E.D.N.Y. 1998); see also Molzof v. United States, 502 U.S. 301, 305 (1992). The Court turns to discussion of the relevant principle of New York State law.

C.   New York State Insurance Law

The provision of that state law relevant to the present motion is Section 5104 of the New York State Insurance Law ("Section 5014" or the "No-Fault Law"). See N.Y. Ins. Law § 5104. Under Section 5104(a), a plaintiff seeking damages for personal injuries based upon a

7

claim of negligence in a motor vehicle collision cannot recover for (1) "basic economic loss" or (2) "non-economic loss, except in the case of a serious injury."

The No-Fault Law defines "basic economic loss" as "medical expenses, lost earnings and other reasonable and necessary expenses in the amount of no more than $50,000." N.Y. Ins. Law § 5102(a)(1)-(3). A "serious injury," for purposes of Section 5014, is defined as a personal injury which, inter alia, results in

> permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a non-permanent, medically determined injury or impairment that prevents the injured person from performing substantially all of the material acts constituting said person's usual and customary daily activities for at least 90 of the 180 days immediately following the occurrence of the injury or impairment, also known as the "90/180" category of injury.

Joseph v. STMR Inc., No. 19-cv-125, 2022 WL 5173669, *6 (E.D.N.Y. Aug. 24, 2022); see also N.Y. Ins. Law § 5102(d).

Where, as here, a defendant moves for summary judgment on the ground that Plaintiff has not suffered a serious injury, it bears the initial burden of making a prima facie showing that Plaintiff has not suffered such injury. The burden thereafter shifts to the non-moving party to present evidence demonstrating the existence of such injury. Joseph, 2022 WL 5173669, at *6; see also Shao v. Paszynsky, No. 97 CV 3815, 2000 WL 307372, at *4 (E.D.N.Y. Jan. 31, 2000). Defendant is entitled to judgment as a matter of law if the Court finds that no reasonable jury could find that plaintiff has sustained a serious injury. See Kim v. Rodriguez, No. 14-cv-3799, 2016 WL 6581230, at *6 (E.D.N.Y. 2016). Here, Plaintiff claims injury in the forms of significant limitation of the use of a body part or function and/or the 90/180 day category.

8

II.       <u>Defendant's Motion Should be Denied</u>

At the outset, the Court notes that there is no argument that Plaintiff has suffered only basic economic loss in the amounts discussed above (car repair costs and lost wages). Accordingly, the Court need not address this issue. Further, to the extent that the Government relies on its submission to argue causation and fault regarding the Accident (and it is not clear that it does) there are clearly questions of fact regarding how the Accident occurred. Accordingly, the Government is not entitled to summary judgment with respect to any argument based upon how the Accident took place and whether the injuries, discussed below, were caused by the Accident.

Turning to the Government's core argument, <u>i.e.</u>, that Plaintiff cannot create an issue of fact as to whether he suffered a serious injury within the meaning of the No Fault law, this Court finds that he has created such an issue. Therefore, summary judgment should be denied. To be clear, application of the No Fault Law leads the Court to conclude that a reasonable jury could find that Plaintiff did indeed suffer non-economic loss within the meaning of that law.

In support of its motion, the Government relies on Dr. Patterson's interpretation of Plaintiff's medical records, as well as its own interpretation of imaging and other medical records. It discounts Plaintiff's subjective complaints of pain and characterizes them as unsupported by the records. Even assuming, <u>arguendo</u>, that the Government has met its <u>prima facie</u> summary judgment burden, it is clear that Plaintiff has come forward with more than sufficient evidence to defeat the motion. As discussed above, that evidence is comprised of the opinion of Plaintiff's treating chiropractor, Dr. Snyder, as well as the results of his objective testing and the MRI imaging studies conducted on Plaintiff's spine.

New York Courts are clear regarding the standards that apply when deciding whether a Plaintiff creates an issue of fact as to serious injury. When deciding whether that standard is met, courts are mindful that the No Fault Statute was enacted to "weed out frivolous claims and limit recovery to significant injuries." Toure v. Avis Rent a Car Systems, 746 N.Y.2d 865, 867-68 (2002). Accordingly, New York law requires "objective proof of a plaintiff's injury in order to satisfy the statutory serious injury threshold." Id. While "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury," so too can a "qualitative assessment of a plaintiff's condition." Id. Such an assessment is sufficient so long as "the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system." Id. at 350-51 (citations omitted). In such cases, summary judgment is properly denied and the expert assessment "can be tested during cross-examination, challenged by another expert and weighed by the trier of fact." Id. at 351; see, e.g., Fauk v. Jenkins, 754 N.Y.S.2d 317, 317-18 (2d Dep't. 2003); Castillo v. Singh, Index No. 158202/2018, 2022 WL 16642872 (N.Y. County Nov. 1, 2022) (denying motion for summary judgment in automobile accident case alleging serious injury); see also Rodman v. Deangeles, 148 A.D.3d 119, 125 (3d Dep't. 2017) (reversing post-trial motion to set aside jury verdict finding serious injury).

Here, as demonstrated above, there is sharp and material disagreement as to the nature and extent of Plaintiff's injuries. Plaintiff's expert opines that the injuries are serious and bases his opinion on objective findings of testing and interpretation of objective imaging tests, as well as Plaintiff's testimony. The Government's expert discounts Plaintiff's conclusions, seeing things differently. She also bases her opinion on her assumptions as to how the Accident occurred, including the nature of the impact to Plaintiff's vehicle – all areas of disagreement

10

between the parties. At bottom, the Government's expert opinion expresses no more than disagreement with Plaintiff's expert (and agreement with a prior opinion of an insurance company doctor) as to the proper interpretation of Plaintiff's medical records and the causation of injuries. The Government discounts Plaintiff's subjective complaints of pain at the time of the Accident and thereafter. A review of the Government's response makes clear that their expert does nothing more than disagree with the expert interpretation of the records and findings. Dr. Patterson disagrees with Dr. Snyder; but agrees with the conclusions of Dr. Sposta - the insurance company doctor who previously examined Plaintiff.

Upon consideration of the expert opinions, medical records and testimony herein, this Court finds that Plaintiff's opposition to the Government's motion creates numerous issues of fact for a reasonable jury to decide. As discussed above, Plaintiff has submitted numerous objective medical records – including medical imaging and range of motion studies supporting Plaintiff's position. Those records can support a reasonable jury finding that Plaintiff suffered the significant limitations required to support a serious injury under the No Fault Law. Accord Joseph, 2022 WL 5173669, at *8 (holding that upon finding an issue of fact precluding summary judgment as to a "significant limitation" injury, any discussion of a 90/180 injury would be "somewhat academic").

This is not a case warranting summary judgment dismissing Plaintiff's claims. It is a case warranting cross-examination of experts at trial. Accordingly, summary judgment should be denied.

RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Defendant's motion for summary judgment be denied.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
       November 22, 2022

                                              /s/ Anne Y. Shields
                                              Anne Y. Shields
                                              United States Magistrate Judge